

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| VINCENT MISSOURI,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. 8:23-01990-MGL |
| JOHN P. ALLEN *(Former SCDC Employee)*,<br>*in his individual and or official capacity*,<br>　　　　Defendant. | §<br>§<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, DISMISSING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND DEEMING AS MOOT HIS MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Vincent Missouri (Missouri) filed this action under 42 U.S.C. § 1983 against several Defendants, all of whom, except Defendant John P. Allen (Allen), the Court previously dismissed. He is representing himself.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court deny without prejudice Missouri's motion for default judgment and deny as moot his motion for judgment on the pleadings. The Magistrate Judge also states the case is ready for a trial or merits hearing on the amount of damages. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 25, 2024. The Clerk's Office docketed Missouri's objections on May 9, 2024.

Missouri alleges Allen, a former employee at the facility where Missouri is incarcerated, sexually assaulted and harassed him. Allen is in default.

Missouri objects to the Magistrate Judge's determination he must prove his damages. He also balks at what he perceives as the Magistrate Judge's suggestion he may be unentitled to damages. *See* Report at 10 ("This case is now ready for a trial/merits hearing on the amount of damages to be awarded, if any.").

Rather than implying Missouri is unentitled to damages, the Magistrate Judge merely determined he must make a greater showing than he has thus far. The Court agrees.

Under the Federal Rule of Civil Procedure governing default, "[t]he [C]ourt may conduct hearings . . . when . . . it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Rule 55(b)(2). "[A] default judgment may not be entered without a full hearing unless the damages are liquidated or otherwise uncontested[.]" *Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 853 (4th Cir. 2014).

Here, although a full hearing may ultimately be unnecessary, Missouri's complaint fails to provide adequate accounting for his damages.

The Court will thus overrule Missouri's objections as to this argument. As recommended by the Magistrate Judge, however, the Court will provide Missouri the opportunity to appropriately support his request for damages.

In Missouri's objections, he states "Plaintiff would request the enlisting of a psychological damage professional and attorney where required, to demonstrate 'economical and non-economic loss[.]'"  Objections at 12.  The Court construes this as a request for appointment of counsel.

Missouri's remaining objections are off-topic or non-specific.  The Court thus need not discuss them here.  The Court has, however, reviewed the Report and the Record de novo and failed to find any error.  Therefore, the Court will also overrule these objections.

After a thorough de novo review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein.

Therefore, it is the judgment of the Court Missouri's motion for default judgment is **DISMISSED WITHOUT PREJUDICE** and his motion for judgment on the pleadings is **DEEMED AS MOOT**.  Missouri's construed request for appointment of counsel is **GRANTED**.  The Court will appoint Will P. DuBose, IV, of McCulloch & Schillaci, as counsel for Missouri.  His contact information is as follows: P.O. Box 11623, Columbia, SC 29211; 803-779-0005; will@mccullochlaw.com.  This case is now ready for a determination of damages.

**IT IS SO ORDERED.**

Signed this 16th day of May 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.